## Brown *v.* State

No. 40481          April 22, 1957          94 So. 2d 608

*J. A. White,* Durant, for appellant.

*J. R. Griffin, Asst. Atty. Gen.,* Jackson, for appellee.

Lᴇᴇ, J.

From his conviction in the circuit court of being drunk in the presence of two or more persons, in a public place, to-wit: Highway No. 51 in District No. 2 of Holmes County, Feddie Brown appealed.

The defendant and Mack Hunter were passengers in Lorenzo Gardner's car, returning from Goodman to

Durant, when the car ran into a ditch or bar pit, killing Hunter and injuring the other two occupants.

Shortly thereafter, about 4 A. M., a patrolman, Alvin Malone, went to the scene of the accident. He noticed the defendant walking in the road from the traffic lights to the car, and said that he was not able to walk straight, but was staggering. He also smelled alcohol on the defendant. The officer did not arrest Brown at the time, but put him in an ambulance and sent him to the hospital in Durant. Audis Hathcock, the constable, after being called by Malone about six o'clock in the morning, went to the hospital where he found the defendant in the emergency room. Brown's eyes were red as he came out staggering. The officer said that he detected the odor of alcohol on him, and consequently took him to jail. Both officers testified that the defendant was drunk at the time they saw him.

Brown testified that, after the wreck, he went onto the highway to flag a car and get help; that, if he was staggering, it was because he was hurt and was in pain, while trying to do this; and that he was not drunk.

Dr. J. W. Howell testified that the marshal called him and said that Brown was in the hospital and was injured. The doctor went to the jail about 9:30 that morning, found Brown "pretty bunged up", and arranged his release so that he could examine him. From such examination, he ascertained that the defendant had sustained two broken ribs, an injured knee, and an injured right eye, and that he was suffering from such injuries. The eye was swollen and Brown could not walk straight. Consequently he did stagger as he walked. The doctor said that he was not intoxicated at that time, and did not appear to getting over that condition.

The injuries detailed by the doctor obviously were sufficient to interfere with locomotion and also prevent him from walking straight.

██ █ The opinions of the officers were based solely on Brown's staggering, or inability to walk straight, and the odor of alcohol on him. The testimony of the doctor clearly showed that Brown's injuries were such as to render him unable to walk straight and, for that reason, he did stagger. The correctness of the doctor's opinion is self-evident and eliminates the staggering as evidence of drunkenness. The jury, by its verdict, did not give due consideration to the doctor's reasonable and unimpeached explanation. ██ █ The conviction is contrary to the great weight of the evidence. This error was assigned in the appellant's motion for a new trial. The verdict should have been set aside and a new trial granted.

The other assignments of error are not of sufficient merit to require a response.

The cause is reversed and remanded for a new trial.

Reversed and remanded.

*McGehee, C. J.*, and *Arrington, Ethridge* and *Gillespie,* JJ., concur.